UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:10-CR-146 |
| ) | |
| JOHN ROM, ) | |
| ) | |
| Defendant. ) | |

## SUPERSEDING INDICTMENT

### COUNT ONE

The grand jury charges:

1. Beginning in or about March 2007, and continuing through in or about Summer 2008, in the District of Vermont and elsewhere, the defendant JOHN ROM did knowingly and willfully conspire with persons known and unknown to the grand jury (1) to make and present applications, affidavits, and other documents required by the immigration laws of the United States and regulations prescribed thereunder, which contained false statements or which failed to contain any reasonable basis in law or fact, and (2) to use or attempt to use an immigrant or nonimmigrant visa or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to have been procured by means of a false claim or statement, in violation of 18 U.S.C. § 1546, namely, by the submission of I-129-F Petitions for Alien Fiancé and related documents and applications for K1 visas and related documents in support of Cambodian foreign nationals based on their engagements to United States citizens when such United States citizens had no intention of living together as husband and wife with the Cambodian foreign nationals.

2. A foreign national can seek entry to the United States and to adjust status based on a marital relationship. As proof of the relationship, a U.S. citizen acts as the petitioner and files an I-129F Petition for Alien Fiancé(e) form on behalf of the beneficiary, in this case, the Cambodian foreign national. The petitioner is required to certify under penalties of perjury the truth and accuracy of the information provided. In addition, the petitioner often submits proof of the relationship through photographs or correspondence. The petitioner is also required to submit a Form G-325A providing biographical information. Finally, the petitioner often submits an Affidavit of Support indicating that the petitioner can financially support the beneficiary.

3. The I-129F packet is sent to U.S. Citizenship and Immigration Services in St. Albans, Vermont, where it is processed. If the I-129F is approved, the approval is sent to the United States embassy in the country of origin. The beneficiary of an approved I-129F then contacts the embassy to schedule an interview to apply for a United States visa, known as a K1 fiancé visa, which allows the beneficiary to enter the United States and apply for admission to the United States. A consular at the U.S. embassy conducts a short interview lasting approximately three to seven minutes with the beneficiary to make a preliminary determination on the legitimacy of the marriage. The petitioner is not required to be present. The beneficiary is then issued a K1 fiancé visa to enter the United States. Ultimately, a beneficiary may seek to adjust their status to that of a permanent legal resident once the beneficiary arrives in the United States based on his or her marriage to the U.S. citizen petitioner.

4. It was the object of the conspiracy to profit financially, or otherwise, by submitting I-129F petitions and other immigration paperwork that was intended to evade the provisions of the United States immigration laws because the United States citizens/petitioners

did not intend to live as husband and wife with the foreign national beneficiaries.

5. It was the object of the conspiracy to profit financially, or otherwise, by submitting applications for K1 visas to the United States Department of State that were procured by means of a false claim or statement, inasmuch as they were based on engagements where the United States citizen had no intention of living as husband and wife with the foreign national applicants.

6. It was part of the conspiracy that ROM recruited United States citizens to travel to Cambodia for the purposes of participating in engagement ceremonies when they had no intention of actually living as husband and wife with the Cambodian nationals.

7. It was further a part of the conspiracy that such individuals obtained their United States passports on an expedited basis from the United States Department of State so that they could travel to Cambodia on short notice.

8. It was further a part of the conspiracy that ROM paid, helped pay, or offered to pay for the airline tickets of the United States citizens traveling to Cambodia for purposes of participating in the engagement ceremonies.

9. It was further a part of the conspiracy that ROM offered to compensate the United States citizens for traveling to Cambodia for purposes of participating in the engagement ceremonies.

10. It was further a part of the conspiracy that ROM arranged to have the engagement ceremonies photographed for purposes of providing documentation of the authenticity of the relationship as part of the application process.

3

11. It was further a part of the conspiracy that I-129F Petitions for Alien Fiancés based on the engagement ceremonies were submitted to the United States Citizenship and Immigration Services for purposes of having the Cambodian foreign nationals gain or attempt to gain entry to the United States.

12. It was further a part of the conspiracy that based on the engagement ceremonies, the Cambodian foreign nationals applied for K1 visas to enter the United States from the United States embassy in Cambodia.

13. On or about the dates below, in the District of Vermont and elsewhere, the conspirators committed the following acts, among many others, to effect the objects of the conspiracy:

   a) On March 7, 2007, A.J. and ROM flew from the United States to Cambodia.

   b) On or about April 5, 2007, A.J., S.P. and ROM flew from the United States to Cambodia;

   c) On or about August 27, 2007, a Form I-129F Petition for Alien Fiancé was submitted to the United States Citizenship and Immigration Services with M.G. as the petitioner and the Cambodian foreign national, R.V., with whom she had participated in an engagement ceremony, as the beneficiary;

   d) On or about January 6, 2008, a Form I-129F Petition for Alien Fiancé was submitted to the United States Citizenship and Immigration Services with D.D. as the petitioner and the Cambodian foreign national, R.I., with whom she had participated in an engagement ceremony, as the beneficiary; and

e)  On or about May 6, 2008, following another engagement ceremony involving C.J. and a different Cambodian foreign national, D.P., a Form I-129F Petition for Alien Fiancé was submitted to the United States Citizenship and Immigration Services with C.J. as the petitioner and D.P. as the beneficiary.

(18 U.S.C. § 371)

## COUNT TWO

The grand jury further charges:

On or about August 27, 2007, in the District of Vermont and elsewhere, JOHN ROM did knowingly present and aided and abetted in the presenting of an application required by the immigration laws or regulations prescribed thereunder, which contains a false statement or which fails to contain any reasonable basis in law or fact, that is: a Form I-129F Petition for Alien Fiancé to the United States Citizenship and Immigration Services with M.G. as the petitioner and the Cambodian foreign national, R.V., with whom she had participated in an engagement ceremony as the beneficiary, when in fact, M.G. had no intention of living as husband and wife with R.V.

(18 U.S.C. § 1546; 18 U.S.C. § 2)

## COUNT THREE

The grand jury further charges:

On or about July 20, 2007, in the District of Vermont and elsewhere, JOHN ROM did knowingly make under oath, and as permitted under penalty of perjury under Title 28, United States Code, Section 1746, did knowingly subscribe as true, false statements with respect to one or more material facts in applications, petitions, affidavits and other documents required by the immigration laws of the United States and regulations prescribed thereunder, and did knowingly present such applications, petitions, affidavits and other documents containing false statements to the United States Citizenship and Immigration Service, that is: in an I-129F Petition for Alien Fiancé that ROM submitted on behalf of Chenda Meas, when asked whether he had ever filed for this or any other alien fiancé or husband/wife before, ROM answered "no" when, in fact, he had filed at least two other petitions for alien fiancé before, namely, for Sokha Sin and Channy Taing.

(18 U.S.C. § 1546)

## COUNT FOUR

The grand jury further charges:

On or about December 28, 2007, and continuing through March 24, 2008, in the District of Vermont and elsewhere, JOHN ROM did falsely make and aided and abetted in the false making of a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to have been procured by means of any false claim or statement, that is: a Form I-765, Application for Employment Authorization, and related documents, by a Cambodian foreign national, P.P., in which said foreign national stated his immigration status was based on his marriage to A.R., when in fact, A.R. had no intention of living as husband and wife with said foreign national.

(18 U.S.C. § 1546; 18 U.S.C. § 2)

A TRUE BILL

_Heather E. Ross_ (HER) for
TRISTRAM J. COFFIN
United States Attorney
Burlington, Vermont
December 15, 2011