UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  2:10-CR-146 |
| | ) | |
| JOHN ROM, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S MOTION *IN LIMINE*

The United States of America, by its attorney, Tristram J. Coffin, United States Attorney for the District of Vermont, hereby submits this Motion *in Limine* addressing the admissibility of testimony from the defendant's daughter, Amy Rom, regarding how her father offered to pay her money if she would participate in fake marriages with three individuals.  On January 22, 2012, the government told the defense that it would dismiss the final count of the Superseding Indictment dealing with Ms. Rom's conduct involving her third husband, Phally Path.  At the same time, the government advised the defense that it would still seek to introduce Ms. Rom's testimony—that being the testimony she gave previously on cross-examination at the suppression hearing—on 404(b) grounds to show knowledge, plan, intent, and absence of mistake on the part of the defendant with respect to the charged conduct.  As explained below, Ms. Rom's testimony is admissible under Federal Rule of Evidence 404(b) because it shows the defendant's understanding of the immigration process generally and his knowledge, intent, and absence of mistake with respect to the fraudulent scheme with which he is charged.

### I.  ARGUMENT

Rule 404(b) governs the admissibility of evidence of "crimes, wrongs, or acts" other than those charged in the indictment.  *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011).  Courts

in this Circuit employ an "inclusionary" rule concerning such evidence, admitting all "other act" evidence "for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403." *Carboni*, 204 F.3d at 44.  Thus, "other act" evidence is properly admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  The proposed evidence is relevant if it is "sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the . . . inference advocated by the proponent of the evidence." *Curley*, 639 F.3d at 57.  Once the relevance of the evidence is established, the court must determine if its potential for unfair prejudice substantially outweighs its probative value.  *See* Fed. R. Evid. 403.  The Second Circuit has prescribed the relevant considerations in making this determination:

> [P]robative value depends largely on whether or not there is a close parallel between the crime charged and the acts shown.  Evidence is unfairly prejudicial when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.  If the other acts tend to prove a fact not in issue or to excite emotions against the defendant, they create a prejudicial effect.

*Curley*, 639 F.3d at 57 (internal quotation marks and citations omitted).

In this case, the purpose of Ms. Rom's testimony is not to demonstrate the defendant's criminal propensity, but rather to show his knowledge, motive, and intent relevant to the charged conduct.  Shortly after the defendant's arrest, agents questioned Ms. Rom about a series of applications she had submitted to Citizenship and Immigration Services.  During this voluntary interview, Ms. Rom was shown a document containing several photographs depicting two individuals that, according to official immigration files, were married to Ms. Rom.  Ms. Rom

ultimately wrote and signed a statement on that document in which she acknowledged entering into these two marriages, plus a third one to Phally Path, to "help out" her father. Ms. Rom also indicated in the statement that her father offered her money and assistance in acquiring a car and a home in exchange for her entering into the marriages. Ms. Rom noted in the statement, "I never planned on living as husband and wife." This evidence showing that the defendant enlisted his own daughter in fraudulent marriage schemes is remarkably similar to the charged conduct, which involves the defendant engaging in his own fraudulent marriages, as well as having others enter into fraudulent marriages at the defendant's behest. The similarity of his fraudulent conduct with his daughter certainly permits the jury to reasonably draw the inference that the defendant well understood the process by which foreign nationals may obtain U.S. citizenship through marriage, and that he knew the fraudulent nature of his conduct. Given the "close parallel" between the charged conduct and the evidence of Ms. Rom's previous marriages, *Curley*, 639 F.3d at 57, the proposed evidence is highly probative.

     Furthermore, the probative value of this evidence is not substantially outweighed by any prejudicial effect. The proposed evidence tends to prove a fact in issue — namely, the defendant's knowledge and intent — and unlike traumatic crime scene photos, does not "excite emotions" against the defendant. The proposed evidence speaks to the fact of the defendant's knowledge, plan, intent and absence of mistake in perpetrating the charged fraud. By its very nature, the evidence does not inflame the passions of jurors or otherwise engender an emotional response to the defendant, and thus does not create a prejudicial effect which *substantially* outweighing its probative value. Therefore, Ms. Rom's testimony should be admitted as "other act" evidence under Federal Rule of Evidence 404(b).

## II.  CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court grant the government's Motion *in Limine*, and rule that Ms. Rom's testimony should be admissible at trial.

Dated at Burlington, in the District of Vermont, this 22nd day of January, 2012.

                                                Respectfully submitted,

                                                UNITED STATES OF AMERICA

                                                TRISTRAM J. COFFIN
                                                United States Attorney

                                                /s/ *Heather E. Ross*
                                                HEATHER E. ROSS
                                                Assistant U.S. Attorney
                                                P.O. Box 570
                                                Burlington, VT 05402-0570
                                                (802) 951-6725
                                                Heather.Ross@usdoj.gov

                                                *Kevin J. Doyle*
                                                KEVIN J. DOYLE
                                                Assistant U.S. Attorney
                                                P.O. Box 570
                                                Burlington, VT 05402-0570
                                                (802) 951-6725
                                                Kevin.Doyle@usdoj.gov