UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 JUL -3 PM 2:20

CLERK

BY_____
DEPUTY CLERK

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR AUTHORIZATION TO OBTAIN )
LOCATION DATA CONCERNING A )
CELLULAR TELEPHONE ASSIGNED )
CALL NUMBER (978) 327-8276 )

Case No. 2:10-cr-146-01

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (978) 327-8276 (the "Target Cell Phone"), whose service provider is Metro PCS Communications, a wireless telephone service provider with corporate headquarters in Richardson, Texas. The Target Cell Phone and property to be searched are described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I, Insup Shin, am a Deputy United States Marshal with the United States Marshals Service (USMS) and have been employed with the USMS since 1997. I have been a Supervisory Deputy United States Marshal for three years. I have participated in investigations of fugitives and, among other things, have conducted or participated in surveillance and the execution of search warrants. Through my training, education, and experience, I have become familiar with the manner in which fugitives or targets of criminal investigations utilize resources, including cellular telephones, to communicate while avoiding detection by law enforcement.

3. The facts in this affidavit come from my personal observations and knowledge,

my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. In or about January 2012, the defendant, John ROM, was convicted of two counts of immigration fraud in violation of 18 U.S.C. §§ 371 and 1546 following a trial by jury.

5. On May 14, 2012, ROM was sentenced to fifteen months imprisonment by the United States District Court for the District of Vermont, the Honorable William K. Sessions III. On that date, Judge Sessions ordered ROM to self-surrender to an institution designated by the Bureau of Prisons on or before 2:00 p.m. on June 12, 2012. On May 30, 2012, the United States Probation Office in the District of Vermont sent a letter to ROM and his defense attorney notifying them both that the designated facility was MDC Brooklyn and confirming the report date was June 12, 2012 on or before 2:00 p.m. To date, ROM has failed to report to serve his sentence.

6. On or about June 12, 2012, Judge Sessions issued a warrant for ROM's arrest. Based on the facts set forth in this affidavit, there is probable cause to believe that ROM has knowingly failed to surrender for service of sentence pursuant to a Court order in violation of 18 U.S.C. § 3146(a)(2). There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting ROM, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## PROBABLE CAUSE

7. On June 12, 2012, I was contacted by ROM's attorney who advised that Rom had

2

contacted his office, claiming to be in Brooklyn, New York and threatening suicide. ROM's attorney contacted the USMS requesting assistance to prevent ROM from harming himself. ROM's attorney advised that his office's communications with ROM during this time period were via the Target Cell Phone. Similarly, I understand that the Target Cell Phone is the one that ROM provided to the United States Probation Office.

8. On or about June 18, 2012, Special Agent Doug Baldwin with the Department of State, Diplomatic Security Service and a Task Force Agent with Homeland Security Investigations (HSI) in Boston Massachusetts began an investigation into ROM's whereabouts. Agent Baldwin had been the lead case agent on the fraud case on which ROM was convicted. As a result of this investigation, Agent Baldwin learned that ROM was currently employed by a temporary employment agency, known as Micro-Tech Staffing Group, 52 Cummings Park Drive, Suite 215, Woburn, Massachusetts. Agent Baldwin also learned that ROM was currently assigned to work at a manufacturing facility known as Fraen Machining Corporation, d/b/a Swisstronics, with a location of 324 New Boston Street, in Woburn, Massachusetts. Agent Baldwin was told that ROM worked the 3:00 p.m. to 11:00 p.m. shift.

9. On or about June 19, 2012, Agent Baldwin, and other law enforcement personnel, interviewed ROM's wife, Chenda Meas, at ROM's last known address of 20 Powell Street, in Lowell, Massachusetts. At that time, Meas reported that as far she knew ROM was intending to report to work that evening. Agent Baldwin asked Meas to place a telephone call to ROM. Meas called the Target Cell Phone. The call went to voice mail.

10. Before ROM's starting time of 3:00 p.m. on Tuesday, June 19, 2012, Agent

3

Baldwin and other law enforcement personnel conducted surveillance at ROM's worksite at Fraen Machining Corporation in Woburn, Massachusetts. ROM never reported to work that day. In an attempt to find ROM, law enforcement also conducted surveillance on Meas that night. Meas was seen driving a blue Toyota Camry with Massachusetts registration number 568NW2. Massachusetts Department of Motor Vehicle records have confirmed that the Camry is registered to Meas. There was no sign of ROM.

11.     On Friday, June 22, 2012, law enforcement personnel were advised that ROM was at Micro-Tech Staffing Group's offices in Woburn, Massachusetts to collect his paycheck. Agent Baldwin, and other law enforcement personnel, proceeded to Woburn location to execute the arrest warrant. ROM apparently became suspicious while waiting for his paycheck and left without his paycheck before law enforcement arrived. An employee of Micro-Tech Staffing advised law enforcement that ROM had arrived and departed that day in a blue Toyota with Massachusetts registration number 568NW2. Law enforcement personnel then proceeded to 20 Powell Street, but there was no sign of ROM.

12.     On Wednesday, June 27, 2012, Agent Baldwin and other law enforcement personnel again interviewed ROM's wife, Chenda Meas at 20 Powell Street. Meas advised that ROM was taking the train to Connecticut on his way to New York to report to serve his sentence. Meas further stated that she had not seen or talked to ROM in two weeks. This information seemed questionable given ROM's use of Meas' vehicle the previous Friday. Agent Baldwin asked Meas to contact ROM. Meas attempted to contact him on the Target Cell Phone. As before, she got a voice mail message. Agent Baldwin has listened to the message, which

4

indicates that the phone is used by ROM.

13.     Based on the above information, the undersigned submits that there is probable cause to search for the information authorized by the requested search warrant for the period May 14, 2012 until 30 days from the date of the signing of the warrant.

## AUTHORIZATION REQUEST

14.     In my training and experience, I have learned that Metro PCS Communications is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service and, in particular, Metro PCS Communications, have technical capabilities that allow them to collect and generate the following information about the locations of the cellular telephones to which they provide service: cell-site data, also known as "tower/face information" or cell tower/sector record. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., 120-degree face of the tower) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

15.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

16.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is

justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to change patterns of behavior, notify confederates, and flee from prosecution. Moreover, to the extent that the warrant authorizes the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

17. I further request that the Court direct Metro PCS Communications to disclose to the government any information described in Attachment B that is within the custody, possession, or control of Metro PCS Communications. I also request that the Court direct Metro Communications to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Metro PCS Communication services, including by initiating a signal to determine the location of the Target Cell Phone on Metro PCS Communications network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Metro PCS Communications for reasonable expenses incurred in furnishing such facilities or assistance.

18. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

19. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated at Burlington, in the District of Vermont, this 3rd day of July, 2012.

_____
INSUP SHIN
Deputy U.S. Marshal


Sworn and subscribed before me this 3rd day of July, 2012.

_____
HONORABLE JOHN M. CONROY
United States Magistrate Judge